UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JUAN ROGELIO NUNEZ,

      Plaintiff,                               **JURY TRIAL DEMANDED**

      v.

USA EQUIPMENT SERVICE LAND CLEARING
AND RENTAL, INC., a Florida profit corporation, and
NELSON GONZALEZ,

      Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, JUAN ROGELIO NUNEZ, ("NUNEZ"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants USA EQUIPMENT SERVICE LAND CLEARING AND RENTAL, INC. (hereinafter, "USA"), a Florida profit corporation, and NELSON GONZALEZ, (hereinafter "GONZALEZ") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). The Plaintiff also makes a claim for minimum wages pursuant to the Florida Constitution.

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendant, USA was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. At all times pertinent to this Complaint, the Defendants operated an equipment rental and land clearing business.

4. USA was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. The Defendants, USA and GONZALEZ operated an equipment rental and land clearing business.

6. Plaintiff's work at the Defendants' equipment rental and land clearing business involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included heavy equipment, machinery and tools necessary for land clearing. These materials were manufactured outside the State of Florida.

7. During the period of Plaintiff's employment as set forth herein, the Defendants employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included heavy equipment and land clearing tools necessary for land clearing. These materials were manufactured outside the State of Florida.

8.  Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

9.  Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Southern District of Florida.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

    b.    Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiff, NUNEZ, was and continues to be a resident of Hialeah, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, corporate Defendant, USA was conducting business in Miami, Miami-Dade, Florida —the location where Plaintiff performed services for the Defendants.

3

15. At all times material hereto, Plaintiff, NUNEZ, was an "employee" of the Defendants within the meaning of the FLSA.

16. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA and the FMWA.

17. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, NUNEZ his lawfully earned wages in conformance with the FLSA.

18. At all times material hereto, the corporate Defendant, USA was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all times material hereto, the work performed by Plaintiff, NUNEZ was directly essential to the business performed by the Defendants.

20. Plaintiff, NUNEZ has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

21. In or about February 2018, Plaintiff, NUNEZ began working at the Defendants' equipment rental and land clearing business as a mechanic. His employment ended on April 11, 2021.

22. The Defendants agreed to pay the Plaintiff $200.00 for each workday. Plaintiff was paid according to the number of days worked per week, which fluctuated.

23. While employed, USA failed to pay the Plaintiff overtime wages even though NUNEZ frequently worked hours in excess of 40 per week.

24. From about February 1, 2018 to about December 31, 2020, the Plaintiff worked from about 7:00 a.m. to about 5:00 p.m., or about 9.5 hours per day on average. In this period the Plaintiff worked six (sometimes seven) days each week, or about 57 hours per week, in total.

25. From about January 1, 2021 to about April 11, 2021, the Plaintiff worked from about 7:00 a.m. to about 5:00 p.m., or about 9.5 hours per day on average. In this period the Plaintiff worked about five days each week, or about 47.5 hours per week, in total.

26. Defendants knowingly operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

27. In addition, Plaintiff, NUNEZ worked hours for which he was not compensated at or above the FLSA minimum wage. Indeed, the Defendants failed to pay Plaintiff wages for his last week of work (from about April 4, 2021 to about April 10, 2021).

28. Defendant, NELSON was a supervisor and/or owner/officer who was involved in the day-to-day operations of USA and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations, described herein.

29. Defendant, NELSON was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

30. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

31. Plaintiff realleges Paragraphs 1 through 30 as if fully stated herein.

32. During Plaintiff's employment with Defendants, in addition to Plaintiff's regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

33. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

35. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due his.

36. Defendants knew of and/or showed a disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

6

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

41. Plaintiff NUNEZ realleges Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

42. Plaintiff, NUNEZ' employment with Defendants was to consist of work for which he was to be compensated at or above the FLSA minimum wage.

43. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid his minimum wages.

44. During Plaintiff, NUNEZ' final week of employment, Defendants paid him no wages at all for his work hours.

45. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff, NUNEZ.

7

46. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff, NUNEZ, respectfully requests:

a.      judgment in his favor for all unpaid minimum wages due;

b.      liquidated damages;

c.      attorneys' fees and costs pursuant to the FLSA;

d.      post-judgment interest; and

e.      all other and further relief this Court deems to be just and proper.

### COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

47. Plaintiff, NUNEZ, realleges Paragraphs 1 through 30 as if fully stated herein.

48. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff, NUNEZ, at least the applicable Florida minimum wage.

49. During Plaintiff, NUNEZ' employment, Defendants paid him less than the statutory minimum wage for his work hours. Indeed, he received no wages at all for his final week of employment

50. The Defendants acted willfully in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff , NUNEZ respectfully requests that judgment be entered in his favor against the Defendants:

a.      Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b.      Awarding Plaintiff all back wages due and owing in the amount calculated above;

c.      Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of this

litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.      Awarding Plaintiff prejudgment and post-judgment interest;

g.      Awarding such other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  August 9, 2021.


Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, Florida 33312
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com


By:  */s/. Peter J. Bober*
        FBN: 0122955

9