UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22885-DAMIAN

JUAN ROGELIO NUNEZ,

    Plaintiff,

vs.

USA EQUIPMENT SERVICE LAND
CLEARING AND RENTAL, INC.,
a Florida profit corporation, and
NELSON GONZALEZ,

    Defendants.
_____/

**ORDER GRANTING THE PARTIES' AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE [ECF NO.12]**

THIS CAUSE is before the Court on Plaintiff, Juan Rogelio Nunez ("Plaintiff"), and Defendants, USA Equipment Service Land Clearing and Rental, Inc., and Nelson Gonzalez (collectively, "Defendants"), Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice [ECF No. 12] (the "Joint Motion"). This matter is before the undersigned pursuant to the parties' Joint Consent to Full Jurisdiction by Magistrate Judge, in which the parties jointly and voluntarily elected to have a United States Magistrate Judge conduct all proceedings in this case. *See* ECF No. 17.

The Court has considered the Joint Motion, the proposed Settlement Agreement and Release [ECF No. 12-1], the pertinent portions of the record and relevant legal authorities, and heard from the parties, through counsel, who appeared before the undersigned by Zoom for a fairness hearing on April 25, 2022. For the reasons set forth below, the Court grants the Joint Motion.

## I.     BACKGROUND

On August 9, 2021, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages (Count I) and unpaid minimum wages (Count II), and violation of Article X, Section 24 of the Florida Constitution for unpaid minimum wages (Count III). *See* ECF No. 1 (the "Complaint").

According to the allegations in the Complaint, Plaintiff was employed by Defendants as a mechanic from February 2018 through April 11, 2021. *See id.* ¶ 21. During that time, Plaintiff alleges that he worked more than forty (40) hours per week for several weeks and was not paid overtime. *Id.* ¶¶ 23–25. Plaintiff also alleges that he was not compensated for the forty-five (45) hours he worked during his final week of employment. *Id.* ¶ 27; *see also* ECF No. 5 (the "Statement of Claim"). Defendants dispute these allegations and "believe they paid the Plaintiff properly at all times." *See* Joint Motion, at 1.

On October 18, 2021, the parties filed a Joint Notice of Settlement. ECF No. 8. Thereafter, on October 26, 2021, the Court entered an Order administratively closing the case and requiring the parties to submit a Joint Motion for Approval of Settlement Agreement. ECF No. 11. The following day, on October 27, 2021, the parties submitted the Joint Motion now before the Court seeking approval of their proposed settlement agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice. *See* ECF No. 12, at 1. At that time, United States District Judge Marcia G. Cooke was the presiding judge in the matter. On April 12, 2022, Judge Cooke referred the Joint Motion to the undersigned. *See* ECF No. 13. On April 25, 2022, the parties submitted their Joint Election and Consent to Jurisdiction by Magistrate Judge, [ECF No. 17], following

which Judge Cooke entered an Order referring the case to the undersigned to preside over all further proceedings in this matter, including trial and entry of final judgment. [ECF No. 19].

In their Joint Motion, the parties point out they had other disputes which did not arise under the FLSA. *See* ECF No. 12, at 3. One such dispute concerned Plaintiff's bus which was located on property being leased by Defendants and had incurred storage fees. *Id.* Also, Defendants claimed that Plaintiff was responsible for expensive tools that had gone missing. *Id.* In reaching a settlement, the parties intended to resolve the FLSA claims as well as "their side-disputes." *Id*. The parties also point out that they had several factual disputes at issue, including disputes regarding the number of hours worked by Plaintiff, whether Defendants made Plaintiff's final paycheck available to him, and whether Defendants are liable as an "employer" under the FLSA. Their Agreement was reached to avoid the uncertainties and expense of litigation. *See* ECF No. 12-1 at 1.

## II.   APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA is liable to its employee for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there are two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a

private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v.*

*Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.    DISCUSSION

With the foregoing in mind, the Court considers the terms of the parties' proposed settlement agreement.

#### A. *The Settlement Amount*

Under the proposed Settlement Agreement and Release [ECF No. 12-1] (the "Agreement"), Defendants agree to pay Plaintiff the total sum of $20,000.00, which is comprised of $8,250.00 as gross wages, $8,250.00 as liquidated damages, and $3,500.00 in attorneys' fees and costs. Agreement, at ¶ 4. Plaintiff initially sought $16,353.33 for alleged unpaid overtime wages and $389.25 for alleged unpaid wages during his final week of employment (*see* Statement of Claim, at 1–2) such that the settlement amount is approximately fifty percent (50%) of the unpaid wage amounts originally sought.

Defendants have also agreed to pay all storage/lien charges associated with the bus owned by Plaintiff which was located on property being leased by Defendants. *See* Agreement, at ¶ 5. Defendants represented that the lien on Plaintiff's bus was approximately $3,000.00, which they agreed to fully satisfy so that Plaintiff may go to the subject property and remove his bus without incident or interference. *See id.*; *see also* Joint Motion, at 4. Defendants also

5

agree to forego any claim against Plaintiff for the purportedly missing tools. *Id.* Thus, the parties have agreed to the payment of additional consideration over the amount paid in compensation for unpaid wage claims. Both parties are represented by counsel and agree the negotiated terms of the Agreement are fair and reasonable considering the disputes between the parties and the strengths and weaknesses of the parties' respective positions on the FLSA claims. *See* Joint Motion, at 3.

The Court has scrutinized the terms of the Agreement and considered the above referenced factors. Based on the circumstances presented, the Court finds the settlement amount represents a fair and reasonable resolution of a bona fide dispute between the parties and that Plaintiff has not unfairly compromised his FLSA claims. The Court also finds the Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354. The Court also notes that, during the Fairness Hearing, counsel for both parties represented that the parties have abided by the terms of the Agreement, reached nearly six months ago, pending its approval by this Court, and that the parties are satisfied with its terms.

### B. Attorney's Fees And Costs

As part of the Agreement, Plaintiff will receive a total of $3,500.00 for attorney's fees and costs. In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The parties represent that this amount was negotiated separately from the amount paid to Plaintiff for his FLSA claims. *See* Agreement, at ¶ 4. Notwithstanding the Agreement, the parties have indicated that each side will bear its own attorney's fees and costs. Joint Motion, at 1.

Based on the parties' representation that Plaintiff's attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff, and finding the Agreement is otherwise reasonable on its face, the Court finds there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. Therefore, the Court may approve the Agreement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The Court has also reviewed Plaintiff's counsel's billing records. ECF No. 12-2. Those records reflect that Plaintiff's counsel's hours billed and hourly rates are reasonable, and that Plaintiff's counsel discounted their total fees and costs by approximately thirty percent (30%). Therefore, the Court finds that Plaintiff's counsel's fees are reasonable in light of their agreement to accept less than the total amounts billed.

### C. *General Release*

In return for the Settlement Agreement, Plaintiff has agreed to the following mutual release:

> In consideration for entering into this Agreement, and except as otherwise set forth herein, [Plaintiff], on behalf of himself and his descendants, dependents, heirs, executors, administrators, assigns and successors, fully, finally and forever releases, absolves, discharges and gives up any and all claims and rights that [Plaintiff] may have against [Defendants] as well as [Defendants'] past and present principal, agents, managers, shareholders, parent companies, subsidiaries, divisions, directors, officers, administrators, fiduciaries, attorneys, agents, and employees (collectively "Releasees"). This releases all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, costs, damages, judgments, orders and liabilities including, but not limited to, those claims, arising out of [Plaintiff's] employment with [Defendants] and/or his separation from employment, based in law, equity or otherwise, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which [Plaintiff] now owns

7

>    or holds, has at any time owned or held, or may in the future discover that he had owned or had held against [Defendants]. Notwithstanding anything to the contrary herein, nothing herein prevents [Plaintiff] from enforcing the terms of this Agreement.
>
>    [Defendants] on [sic - their] own behalf and on behalf of [sic - their] successors and assigns, hereby release [Plaintiff] of all claims based in law, equity or otherwise, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which [Defendants] now own or hold, have at any time owned or held, or may in the future discover that they had owned or had held against [Plaintiff]. This Agreement is intended to release any and all claims against [Plaintiff] as of the date of this Agreement, without exception. This is a full and complete release and includes but is not limited to, all claims, demands, and causes of action raised or that could have been raised by [Defendants] against [Plaintiff]. Notwithstanding anything to the contrary herein, nothing herein prevents [Defendants] from enforcing the terms of this Agreement.

Agreement, at ¶ 3.

Broad general releases in FLSA cases are generally disfavored, viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and, therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352; *see also Bradford v. Ancient City Grp. LLC*, No. 21-513, 2022 WL 549589, at *3 n.2 (M.D. Fla. Feb. 15, 2022) ("Some judges will not approve an agreement to settle a FLSA claim that includes a general release because, without an indication of the value of the released claims, the fairness and reasonableness of the compromise cannot be determined."); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (denying without prejudice joint motion to approve FLSA settlement where "the Agreement contains unbounded and

pervasive release provisions" requiring the plaintiff to "release many known and unknown legal claims that have nothing apparent to do with the current FLSA dispute"). However, "if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible." *Herrera v. FS Invs. of America, Inc.*, No. 20-2465, 2021 WL 1602120, at *2 (M.D. Fla. Apr. 8, 2021).

Here, the Court finds that the Agreement provides for separate and additional consideration benefitting Plaintiff such that the general release is fair. Specifically, the Agreement indicates that Defendants have agreed to satisfy a storage lien incurred as the result of Plaintiff's vehicle on property leased by Defendants and not to pursue a claim for expensive tools that allegedly went missing, all of this having a value of more than $3,000.00, according to the Joint Motion. At the Fairness Hearing, the parties indicated that Defendants have, in fact, taken care of the matters involving the unpaid storage fees and confirmed that Defendants will not pursue claims against Plaintiff in connection with those fees or the allegedly missing tools pursuant to the terms of Defendants' release. In their Joint Motion, the parties represent that "the goal in settling this case was to resolve the FLSA claims on fair and equitable terms, but also to resolve their side-disputes." Joint Motion, at 3.

Although the mutual general release at issue here may be characterized as broad, given the additional consideration described above benefitting Plaintiff and the parties' stated goal of resolving *all* of their disputes on fair and equitable terms, the Court finds that the general release does not undermine the fairness of the Agreement and is, therefore, permissible.

### D. Confidentiality

The parties also included in the Agreement the following confidentiality provision:

> Except as provided in this paragraph, the parties shall keep the terms of this Agreement confidential, and will not disclose the terms of this Agreement to

> any third party whatsoever, without the prior written consent of the other non-disclosing party, other than their respective attorneys, immediate family members in the same household, accountants and tax advisors, or as needed to report taxes.

Agreement, at ¶ 2.

Such confidentiality provisions in FLSA settlement agreements are often rejected by district courts because courts consider them to "thwart Congress's intent to ensure widespread compliance with the FLSA." *Herrera*, 2021 WL 1602120, at *2 (citing cases). Moreover, as one Court in this District pointed out, "confidentiality provisions are essentially irrelevant because once the settlement agreement was filed on the docket it became a public record." *King*, 2021 WL 7540777, at *1 (quoting *Rosario v. Petland Orlando S., Inc.*, No. 21-713, 2021 WL 3124456, at *4 (M.D. Fla. July 20, 2021), *report and recommendation adopted*, 2021 WL 3183818 (M.D. Fla. July 23, 2021)). Nevertheless, as with general releases, confidentiality provisions have been approved by courts in circumstances where the plaintiff receives separate consideration, and the parties agree the agreement may nevertheless be filed in the Court's docket. *See Herrera*, 2021 WL 1602120, at *2.

At the Fairness Hearing, the Court heard from the parties regarding the confidentiality provision, and both parties agree it is fair and reasonable and has not presented any issues or concerns during the six months since the Agreement was reached. Under the circumstances presented here, the Court finds that the terms of the parties' Agreement, in which the parties agree the Agreement may be filed on the Court's docket and Plaintiff is receiving added consideration in exchange for the release and confidentiality provisions, justifies a confidentiality clause, and, therefore, the Court finds the confidentiality clause will not unduly thwart Congress' intent to ensure widespread compliance with the FLSA. *Id.*

## IV. FINDINGS

The Court has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desires to resolve their disputes fully and finally without protracted litigation.

As set forth above, the Court finds that the settlement represents a genuine compromise of a bona fide dispute. Defendants, who deny liability, have agreed to pay Plaintiff more than they believe Plaintiff is due under the law, in addition to agreeing to additional consideration and releases from claims Defendants believe they hold against Plaintiff. The parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Court also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable and that the amount claimed as payment for Plaintiff's counsel's fees and costs is also reasonable.

## V. CONCLUSION

Accordingly, based on the foregoing, it is hereby

ORDERED and ADJUDGED that the Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice [ECF No. 12] is **GRANTED**. It is further

ORDERED and ADJUDGED that the Settlement Agreement and Release is **APPROVED**. It is further

ORDERED and ADJUDGED that the case is **DISMISSED WITH PREJUDICE**. All pending motions, if any, are **DENIED** as moot. It is further

ORDERED and ADJUDGED that this Court reserves jurisdiction to enforce the terms of the parties' settlement agreement.

**DONE and ORDERED** in Chambers at Miami, Florida, this 25th day of April 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record